RYERSON v. MORRIS & E. R. CO. et al.
No. 1764.

District Court, D. New Jersey.
June 26, 1945.

See, also, 53 F.Supp. 713.

## Stipulation

This stipulation entered into this 16th day of May, 1945, between Haines & Chanalis (by Patrick J. Maloney), representing the plaintiff, and John A. Laird, representing the defendants, is entered into to assist the Court in determining the issue of whether or not upon the admitted facts a tenancy in common exists between the parties.

It is stipulated that neither the plaintiff nor her predecessor in title, Sarah E. Ryerson, claim any actual physical possession of the premises in dispute.

Plaintiff's claim of title derives from a deed dated March 19, 1872, by Jonathan Dixon, Jr., one of the Masters of the Court of Chancery of New Jersey, under a sale in partition of the property of one Joseph Danielson.

Danielson's title derives from deed of Selah Hill, dated August 2, 1852, recorded October 18, 1872 in Book 249, p. 66.

Selah Hill's title derives from the deed of Lorenza Jacquins, Sheriff, dated April 9, 1850, recorded in Book 15, p. 652, the Sheriff's deed having been executed as the result of the foreclosure of a mortgage made by one Philip Smith to the Trustees of the Inhabitants of Township of Bergen, dated November 26, 1831. The premises in dispute (11.62 acres) were not mentioned in the bill filed to foreclose this mortgage, and it is accordingly stipulated that Hill had no legal title to convey to Danielson.

The parties further stipulate that the deed from Jonathan Dixon, Jr., ran to Sarah E. Ryerson and Theodore F. Merseles and that plaintiff, Jessie L. Ryerson, is the administratrix of the estate of Sarah E. Ryerson, deceased, and her heir-at-law. By deed dated June 3, 1876, recorded Book 299, p. 133, Merseles conveyed his undivided one-half interest to John P. Sunderland, and that by deed dated July 3, 1879, recorded Book 334, p. 66, Sunderland conveyed said one-half interest to Oscar O. Shackelton and that Shackelton, by deed dated March 31, 1883, recorded in Book 378, at p. 205, conveyed said undivided one-half interest to Julia F. Sunderland. By deed dated June 15, 1883, recorded Book 381, p. 208, John P. Sunderland and Julia F. Sunderland, executed a blanket deed to Morris and Essex Railroad Company, conveying a tract of land described as follows: "All those lands lying together in the Township of North Bergen, County of Hudson and State of New Jersey, being part of the Secaucus Patent, lying and being between the following general boundaries; on the north by Division Ditch; on the east by a tract of 11 acres and 80/100, contained in two deeds from John P. Sunderland and wife to Charles Siedler, and dated July 3, 1879, and the other dated May 20, 1880; on the south by the middle of Division Creek, and on the west by three tracts now or lately of Moses Taylor, and one tract now or formerly of the heirs of Abraham Sanier and a ditch or neck from the Sanier tract to Division Creek, being all of the lands lying within and between the said general boundaries and contained about 46 acres more or less."

The plaintiff claims that this description embraces the locus in quo, and the parties agree that Julia F. Sunderland never expressly conveyed "an undivided one-half interest" in the locus in quo to the Morris & Essex Railroad; but whatever interest she may have acquired by her deed from Shackelton (Book 378, p. 205) was subsequently conveyed to the Morris & Essex Railroad Company, in 1898, by blanket deed (Book 697, p. 533).

The parties further stipulate and agree that the locus in quo, a tract of 11.62 acres, was, so far as the ascertainable records disclose, first conveyed by Philip R. Earle, guardian, to Philip Smith, by deed dated August 13, 1813, recorded in Book T 4, p. 333; that Philip Smith mortgage said premises (among other tracts) to the Trustees of the Inhabitants of the Township of Bergen, and that, as hereinabove stipulated, said tract was not foreclosed.

The parties further stipulate that by deed dated August 14, 1879, recorded Book 371, at p. 483, Morris Smith and others, described as "the surviving children and heirs-at-law of Philip Smith, deceased", conveyed a tract of 11.62 acres by metes and bounds description and using the same general courses used in the deed of Dixon to Ryerson and Merseles through which the plaintiff claims, to Julia F. Sunderland, and that by deed dated May 2, 1883, recorded in Book 378 at p. 421, Julia F. Sunderland by this same description conveyed this 11.62 acre tract to the Morris and Essex Railroad Company.

The parties further stipulate that a search of the records indicates a number of other conveyances into the Sunderlands (and out of the Sunderlands to the Morris & Essex Railroad Company) of various other tracts in the neighborhood and on May 16, 1898, Julia F. Bunker (formerly Julia F. Sunderland) and others executed an all-inclusive deed to the Morris & Essex Railroad Company embracing all lands in the County of Hudson over which any railroad of the Morris & Essex runs or within one mile thereof, which deed is recorded in Book 697 page 533.

The parties to this stipulation waive a trial by jury on the question of whether or not the paper title, as herein stipulated, discloses a tenancy in common between the parties, and agree that should the Court find that tenancy in common does not exist, that such determination will be dispositive against plaintiff's right of recovery in this litigation and will be a final disposition of the controversy so as to be the subject of an appeal to the Circuit Court of Appeals.

A trial by jury is waived only to the extent of having the Court determine on this stipulation the question of tenancy in common.

Haines & Chanalis and Patrick J. Maloney, both of Newark, N. J., for plaintiff.

John A. Laird, of Hoboken, N. J., for defendants.

FAKE, District Judge.

This is an ejectment suit. The parties have waived the right of trial by jury and have stipulated the facts relating to the titles involved, which stipulation is filed herewith.

. The property involved consists of a rectangular tract containing 11.62 acres of land situate in the Town of Secaucus, formerly the Township of North Bergen, in the County of Hudson and State of New Jersey. Prior to the year 1870 when defendant's railroad was constructed over the premises, it was an unenclosed piece of salt marsh or meadowland affected by the tides and contained no buildings or structures of any kind.

It appears that in the year 1813 a deed was made by one Philip R. Earle, as Guardian, to Philip Smith, conveying five parcels of land, one of which parcels is the 11.62 acres with which we are here concerned. In 1831 the said Smith and his wife mortgaged this and other property to the Trustees of the Inhabitants of the Township of Bergen to secure the sum of $2,000. This mortgage was foreclosed, resulting in a sheriff's deed to one Selah Hill in the year 1850, but for some unexplained reason the premises in question were omitted from the sheriff's deed, thus leaving the title thereto still vested in Philip Smith after the foreclosure. In 1852, however, the said Selah Hill and his wife purported to convey the same to one Joseph Danielson. That deed was not recorded until October 18, 1872, and in the meantime Danielson had died and the premises became involved in a partition suit between his heirs, resulting in a deed dated March 19, 1872, by Jonathan Dixon, Jr., as a Master in Chancery, to Sarah E. Ryerson and Theodore F. Merseles, as tenants in common, recorded April 30, 1872. The alleged title of the plaintiff comes through the will of the said Sarah E. Ryerson. Nothing else appearing, we might stop here and find that plaintiff has no title upon which her ejectment suit can be based, but as we shall see, the problem is not quite so simple.

As noted above, Theodore F. Merseles is purported to have become a tenant in common with Sarah E. Ryerson in the year 1872, and thereafter in 1876 the said Merseles and his wife proceeded to convey an undivided one-half interest to John P. Sunderland, and in the year 1879 Sunderland conveyed the same to Oscar O. Shackelton, who, on March 31, 1883, conveyed the same to Julia F. Sunderland, a sister of John above mentioned. On June 15, 1883, John P. Sunderland and his wife and Julia F. Sunderland deeded a tract of land of about 46 acres, including the premises in question, to defendant Morris & Essex Railroad Company. Thereafter, in 1898, they delivered a confirmatory deed to said Railroad Company.

In 1879 Morris Smith et al., surviving children and heirs at law of Philip Smith, deceased, conveyed the premises to Julia F. Sunderland. On May 2, 1883, the said Julia F. Sunderland conveyed the same to Morris & Essex Railroad Company, one of the defendants herein. Thus it would appear from the record that the said defendant railroad company obtained title in fee simple to the premises, unless it can be made to appear that, by virtue of plaintiff's alleged title as heretofore set up, the defendant's purchase last above mentioned enures to the benefit of plaintiff as a tenant in common.

The question to be answered here is: Are the plaintiff and Morris & Essex Railroad Company, or were their predecessors in title, ever tenants in common of the property?

As has been noted, the true or valid record title to the premises in question was vested in Philip Smith by deed in the year 1813, and the title remained in the said Smith and his heirs until the year 1879 when the heirs made a deed to Julia F. Sunderland. The premises in question having been omitted from the description in the sheriff's deed to Selah Hill in 1850, the said Hill took no title thereto by virtue of that deed, and those who have since taken under Hill, including both plaintiff and defendant herein, did not become vested with the title by any of the transfers based on Hill's title since these respective titles can rise no higher than the source from whence they flow. The public records in the County Clerk's Office constituted statutory constructive notice to all persons, and these records disclose clearly that the only valid title was that which was acquired through

the Smith heirs, and plaintiff took no interest therein whatever.

It cannot be said that because plaintiff's predecessors in title and defendants' predecessors in title appeared as grantees in deeds which purported to convey, but actually conveyed no title, they became tenants in common. To constitute a tenancy in common for present purposes there must be an estate upon which it operates. Here there is no estate either in law or in equity. True this is said in the absence of any New Jersey case directly in point. The logic, however, seems inescapable.

It appears that through mesne conveyances the defendant finally became vested with a good title in fee through conveyances out of the heirs of Smith; but it cannot be ruled that such purchase by defendant enures to the benefit of plaintiff because, so far as this record discloses, there was no privity of any kind between the defendants and plaintiff or their predecessors in title. Neither of the grantees owed any duty to the other in relation thereto.

There are numerous cases holding that under certain circumstances one tenant in common must permit his cotenant to share in any purchase he may make affecting the estate. In most, if not in all such cases, there is an estate in common to commence with. Speaking on the subject in 54 A.L.R., at page 882, the writer says: "The doctrine, moreover, is one of equitable cognizance, and is not applied by hard and fast rules, but so as to do justice among the tenants, considering the facts of the particular case." Here it is quite impossible to discover any equitable basis upon which to conclude that the purchase by the defendant should enure to plaintiff's benefit. Further, on the same page above cited, the writer says: "According to some courts, the rule applies only where there is a comity of interest in a 'defective' title, and it does not apply if the parties acquired no title whatever by the purchase upon which they rely as creating the relation of tenants in common; in the latter case, one of them may thereafter acquire the title to the property and appropriate it for his own exclusive benefit." I adopt this reasoning.

Neither in the briefs nor in an independent search has any New Jersey case been found bearing directly on such facts as those presented here. It is my view that in the absence of any title whatever between the parties hereto the defendant can-

not be forced to share the benefits derived through its purchase of the Smith title.

Judgment will be entered for the defendants.